IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHOCTAW NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>(1) OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA; and<br><br>(2) GENERAL STAR INDEMNITY COMPANY<br><br>Defendants. | Case No. 14-CV-182-KEW<br><br>Removed from Bryan Co.<br>Case No. CJ-2014-49 |

## DEFENDANT OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA'S NOTICE OF REMOVAL

**COMES NOW** Defendant Occidental Fire and Casualty Company of North Carolina ("Occidental"), pursuant to 28 U.S.C. § 1441, and files this Notice of Removal of the above-titled action from the District Court of Bryan County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

## STATEMENT OF GROUNDS OF REMOVAL

### A. FACTS

1. Plaintiff Choctaw Nation of Oklahoma initiated this action by filing a Petition in the District Court of Bryan County, State of Oklahoma, on April 4, 2014, captioned *Choctaw Nation of Oklahoma v. Occidental Fire and Casualty Company of North Carolina and General Star Indemnity Company,* Case No. CJ-2014-49. (Exhibit # 1, Petition).

2. A copy of the Summons and Complaint were thereafter received by an agent for Occidental on April 15, 2014. (Exhibit # 2, Summons).[1] This Notice of Removal is filed within thirty (30) days of service, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).[2]

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all documents filed in this case, as well as a copy of the Bryan County District Court docket sheet, are attached to this Notice. (Exhibit # 3, Court Filings).

4. The Choctaw Nation is a federally recognized sovereign tribal nation with its headquarters and principal place of business in Durant, Oklahoma. (Exhibit # 1 at ¶ 1).

5. Occidental and General Star are foreign corporations. (*Id*. at ¶¶ 2-3). Occidental is a corporation created under the laws of the State of North Carolina and having its principal place of business in North Carolina, and General Star Indemnity Company ("General Star") is a corporation created under the laws of Delaware and having its principal place of business in Connecticut. General Star has notified Occidental that it consents to this Notice of Removal.

---

[1] The Insurance Commissioner of the State of Oklahoma forwarded the Summons to Occidental twice, and both are stamped "Received" by Occidental on April 15, 2014.

[2] Under *Deny v. Illinois National Insurance Co*., 2010 WL 5141856 (N.D. Okla. 2010), the triggering date for the start of the 30-day removal period is receipt of the pleadings by the defendant or an agent designated by defendant, not service on a statutory agent such as the Oklahoma Insurance Commissioner. *Id*. at n. 6.

6. The Choctaw Nation has been sued in a Texas state court by victims of a bus accident who were travelling to its casino and resort in Durant, Oklahoma. (Exhibit # 1 at ¶¶ 9-10).

7. The Choctaw Nation has now sued Occidental and General Star, seeking a declaratory judgment and damages for the alleged breach of the duty of good faith and fair dealing, in an amount exceeding $ 75,000. (*Id*. at ¶¶ 17-25). Specifically, the Choctaw Nation asserts that it agreed to waive its defense of sovereign immunity in exchange for the accident victims' agreement not to seek damages in excess of Defendants' insurance policies' limits. The Choctaw Nation further asserts that Occidental and General Star notified it that its proposed waiver of sovereign immunity would amount to a breach of the insurance policies' cooperation clauses.

8. The Choctaw Nation asserts, "There exists an actual controversy between the parties concerning whether Occidental or General Star may, without the Nation's express consent, assert sovereign immunity as a defense in any action filed, and/or otherwise prevent the Nation from giving a limited waiver of its sovereign immunity up to the amount of available insurance coverage." (*Id*. at ¶ 20).

**B. ARGUMENT AND AUTHORITIES**

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Similarly, a statute specifically applicable to Indian tribes states, "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a

governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." *Id*. at § 1362.  Where such federal question jurisdiction exists, any civil action brought in a state court can be removed by the defendant or defendants to the appropriate federal district court.  *Id*. at § 1441(a).

The basic issue raised by the Choctaw Nation's lawsuit is, who can assert the tribe's sovereign immunity?  The lawsuit alleges that Occidental and General Star's actions "are tantamount to a claim they may have the right to use a sovereign immunity defense to avoid paying coverage amounts. . . ." (Exhibit #1 at ¶ 16).  Further, the Choctaw Nation terms the "actual controversy" in this case as "whether Occidental or General Star may, without the Nation's express consent, assert sovereign immunity as a defense."  (*Id*. at    ¶ 20).

The right to assert tribal immunity is clearly a matter that arises under federal law, and creates a federal question for purposes of removal.  The United States Supreme Court has consistently held that "tribal immunity is a matter of federal law."  *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 759, 118 S. Ct. 1700, 1705 (1998).  Tribal immunity arises under the laws of the United States, because it exists only through acts of Congress:  "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."  *Id.*, 523 U.S. at 754, 118 S. Ct. at 1702.

Specifically, the Tenth Circuit has held that whether a party "can demonstrate that the government has waived sovereign immunity to suit in federal district court" creates "the existence of a federal issue sufficient to confer jurisdiction under the general federal question statute, 28 U.S.C. § 1331."  *Normandy Apartments, Ltd. v. U.S. Dep't of Housing and Urban Development*, 554 F.3d 1290, 1295 (10th Cir. 2009).  If the question of waiver of sovereign immunity is a federal question, then certainly the questions of who can assert or waive sovereign immunity are also federal questions.  Those are the issues in the Choctaw Nation's lawsuit, which seeks a judicial declaration from the Court as to whether Occidental or General Star may assert sovereign immunity as a defense to litigation against the Choctaw Nation, or prohibit the Choctaw Nation from waiving its immunity. (Exhibit # 1 at ¶ 21).  In fact, the Choctaw Nation's lawsuit almost mirrors the holding of *Normandy Apartments* by stating that it seeks "[a] declaration from this Court that the Nation has the right to give a limited waiver of sovereign immunity."  (*Id*. at ¶ 21(C)).  Whether it can do so is a federal question, and therefore its lawsuit is clearly removable.

Further, aspects of *tribal* sovereignty have been specifically acknowledged by the Supreme Court as federal question matters.  A good example is *National Farmers Union Insurance Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 105 S. Ct. 2447 (1985), where a member of the Crow Tribe of Indians sued a non-Indian school district in tribal court for damages arising from a motorcycle accident on state-owned property located on the reservation.  The Supreme Court noted the unique status of Indian tribes, the plenary

5

power of the Federal Government over them, and the significant protection for their rights provided by "[f]ederal law, implemented by statute, by treaty, by administrative regulations, and by judicial decisions." *Id.* 471 U.S. at 851, 105 S. Ct. at 2451. The Court further noted that for questions concerning the authority and immunity of tribes, "the governing rule of decision has been provided by *federal law*." *Id.* (emphasis added). Then the Court addressed the issue of whether a federal question was presented:

> The question whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a "federal question" under § 1331. Because petitioners contend that federal law has divested the Tribe of this aspect of sovereignty, it is federal law on which they rely as a basis for the asserted right of freedom from Tribal Court interference. They have, therefore, filed an action "arising under" federal law within the meaning of § 1331.

*Id.* 471 U.S. at 852-53, 105 S. Ct. at 1042. Similarly, the question of who can exercise or waive tribal sovereign immunity, the Choctaw Nation or Occidental and General Star, can only be answered by reference to federal law. Thus, a federal question under § 1331 is presented by the facts of this case.

There are decisions holding that a tribe asserting its sovereign immunity as a *defense* does not convert a suit otherwise arising under state law into one arising under federal law for removal purposes. *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841, 109 S. Ct. 1519, 1521 (1989). But that is fundamentally different from determining whether the Choctaw Nation is the sole entity with the authority to assert tribal immunity or

whether that authority can be ceded to other parties.  The difference is illustrated by the Supreme Court's rationale in the *Graham* decision, wherein the Court noted,

> Congress has expressly provided by statute for removal when it desired federal courts to adjudicate defenses based on federal immunities.  Neither the parties nor the courts below have suggested that Congress has statutorily provided for federal-court adjudication of tribal immunity notwithstanding the well-pleaded complaint rule.

*Id*. at 489 U.S. at 841-42; 109 S. Ct. at 1521.  But while that applies to adjudicating defenses, the courts, in decisions such as *Normandy Apartments* and *Crow Tribe*, have explained that determining the authority to exercise or waiver of sovereign immunity are federal questions.

The 10th Circuit has explained § 1331 jurisdiction as follows: "[T]o find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied.  First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint."  *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  Such a question is evidenced by the Choctaw Nation's lawsuit, which asks the Court to determine who can assert or waive its tribal immunity.

"Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law."  *Id*. (internal quotation omitted).  Federal question jurisdiction exists where it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.  *Id*. at 1236.  The Choctaw Nation's claims for a declaratory judgment and damages for bad faith, by the language of

its own lawsuit, turn on the question of federal authority to assert sovereign immunity. Therefore, this federal question is the heart of the Choctaw Nation's claims in this lawsuit, and federal question jurisdiction invites removal of the lawsuit to this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, pursuant to 28 U.S.C. § 1441, Defendant Occidental Fire and Casualty Company of North Carolina hereby files this Notice of Removal of the above-styled lawsuit from the District Court of Bryan County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma, and respectfully prays that this honorable Court accept this action as one within its jurisdiction.

Respectfully submitted,

*/s/ Phil R. Richards*
Phil R. Richards, OBA #10457
Jessica N, Battson, OBA #22843
Randy Lewin, OBA # 16518
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 South Main Street
Tulsa, Oklahoma 74103
(918) 585-2394
(918) 585-1449 – Fax
Email:  prichards@richardsconnor.com
           jbattson@richardsconnor.com
           rlewin@richardsconnor.com

**ATTORNEYS FOR OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2014, I electronically transmitted this instrument using the ECF System for filing. Additionally, pursuant to 28 U.S.C. § 1446(d), true and correct copies of the attached instrument were delivered to:

Michael Burrage, OBA #1350
Patricia A. Sawyer, OBA #30712
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, Oklahoma 73103

Bob Rabon, OBA #7373
RABON, WOLF & RABON
402 East Jackson Street
Hugo, Oklahoma 74743

**ATTORNEYS FOR PLAINTIFF
CHOCTAW NATION OF OKLAHOMA**

Kerry R. Lewis, OBA #16519
Nathan E. Clark, OBA #17275
RHODES, HIERONYMUS, JONES, TUCKER
& GABLE, PLLC
100 W. Fifth Street, Suite 400 (74103-4287)
P.O. Box 21100
Tulsa, Oklahoma 74121-1100

**ATTORNEYS FOR DEFENDANT
GENERAL STAR
INDEMNITY COMPANY**

  */s/ Phil R. Richards*
  Phil R. Richards