IN THE DISTRICT COURT IN AND FOR BRYAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CHOCTAW NATION OF OKLAHOMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2014-49 |
| | ) FILED |
| OCCIDENTAL FIRE AND CASUALTY | ) BRYAN COUNTY, OKLAHOMA |
| COMPANY OF NORTH CAROLINA | ) DISTRICT COURT CLERK |
| And | ) APR 04 2014 |
| GENERAL STAR INDEMNITY | ) |
| COMPANY | ) DONNA ALEXANDER |
| | ) COURT CLERK |
| | ) BY _____ Deputy |
| Defendant. | ) |

**PETITION FOR DECLARATORY JUDGMENT AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

COMES NOW the Plaintiff, Choctaw Nation of Oklahoma ("Nation") for its claims against Defendants Occidental Fire and Casualty Company of North Carolina and General Star Indemnity Company, alleges and states as follows:

**I. JURISDICTION AND VENUE**

1. Plaintiff Nation is a sovereign tribal nation with its headquarters and principal place of business in Durant, Oklahoma. The Nation is a federally recognized Indian tribal government.

2. Defendant Occidental Fire and Casualty Company of North Carolina, ("Occidental") is a foreign corporation licensed to and engaged in the business of insurance in the State of Oklahoma. Occidental issued a policy of Commercial automobile coverage to the Nation.

3. Defendant General Star Indemnity Company ("General Star") is a foreign corporation licensed to and engaged in the business of insurance in the State of Oklahoma.

EXHIBIT 1

General Star issued an umbrella policy providing excess automobile liability coverage to the Nation.

4. Jurisdiction in this action is proper before the Court pursuant to 12 O.S. § 1651 as this pleading is for the determination of rights in an actual controversy between the parties.

5. Venue in this action is properly before this Court pursuant to 12 O.S. § 1653 and 12 O.S. § 137 as this action involves the Plaintiff Nation, which is headquartered in Bryan County.

## II. MATTERS COMMON TO EACH CAUSE OF ACTION

6. Each cause of action brought herein relates to the rights of the parties under the insurance policies issued to the Nation by Defendant Occidental and Defendant General Star.

7. At all times relevant herein, Plaintiff Nation was a named insured under Occidental Commercial Lines Policy # CA00037724 providing automobile liability insurance coverage with limits of $5,000,000 per accident.

8. At all times relevant herein, Plaintiff Nation was insured under General Star Excess Automobile Policy # 1XG412644A providing excess automobile liability insurance coverage with limits of $5,000,000 per accident.

9. On approximately April 11, 2013, there was a bus accident ("Accident") in the State of Texas. The bus was owned by Cardinal Coach Line and at the time was transporting people to the Choctaw Casino & Resort located in Durant, Oklahoma. The Choctaw Casino & Resort is owned by the Nation.

10. As a result of the Accident, three people died and multiple parties ("Accident Victims") sustained bodily injuries and brought claims against the Nation, claiming it was

negligent with regard to the Accident. On April 11, 2013 the Nation was sued by the Accident Victims.

11. Prior to the Accident victims filing litigation against the Nation, Occidental and General Star set up a mediation process involving substantially all of the claims against the Nation. The Nation and counsel for the Accident Victims entered into an agreement ("Agreement") providing that if the Nation's insurance carriers would attend the mediation and make available insurance proceeds of the policies to the extent of the Nation's liability, the Accident Victims would not seek damages in excess of the Nation's available insurance coverage. It was not a requirement of the Agreement that the Nation's insurance coverage limits actually be paid, instead, the Agreement simply acknowledged that if the Nation had liability to the Accident Victims, the Nation's insurance proceeds would be available to pay damages.

12. For reasons unknown to the Nation, Occidental unilaterally cancelled the mediation process before it even got started. As a result of this cancellation the Agreement is no longer on the table resulting in the Nation now having exposure above its available policy limits on those claims. It was only after Occidental's unilateral cancellation of the mediation process that the multiple lawsuits were filed against the Nation in the State of Texas.

13. Dallas attorney Frank Branson ("Branson"), represents a substantial number of Accident Victims, some of whom died in the Accident and others who sustained severe injuries. Branson has agreed on behalf of those Accident Victims that neither he nor his clients will seek damages in excess of the Nation's available insurance coverage in the event the Nation is found legally liable to the Accident Victims represented by Branson ("Branson Agreement"). Nevertheless, Occidental and General Star have refused to allow one way or the other whether they agree to acquiesce in the Branson Agreement, thus preventing the Nation from entering into

the Branson Agreement. In fact, General Star through its counsel has advised the Nation as follows:

> Our position... is that a waiver of the [sovereign] immunity that results in prejudice to General Star potentially constitutes a failure to cooperate under the policy, and an assumption of liability without our consent, in breach of the policy conditions.

The Nation does not know what prejudice General Star is making reference to. Surely, having to pay policy proceeds in the event the Nation is found to be liable in any of the above claims could not be prejudicial to General Star. General Star has not identified how they could be prejudiced. This refusal to provide an answer regarding the Branson Agreement amounts to a denial of coverage under each of the policies.

14. The Nation is the holder of the sovereign immunity. Therefore, only the Nation may assert or waive its sovereign immunity in any action related to or arising from the Accident. Occidental and General Star may not assert the Nation's sovereign immunity without the Nation's express consent. Occidental will not agree that they must have the Nation's express consent to assert sovereign immunity.

15. Occidental and General Star's actions are tantamount to a claim they may have the right to use a sovereign immunity defense to avoid paying the coverage amounts to third parties as provided under the policies.

16. The Nation, in order to protect against possible exposure in excess of its policy limits, will agree to a limited waiver of its sovereign immunity to the extent of its policy limits applicable to this Accident if it is determined that the Nation has any liability relating to or arising from this Accident. Occidental and General Star have prohibited the Nation from giving this limited waiver and threatened that if the Nation did enter into such agreement, it may be considered a breach of policy provisions.

## COUNT ONE

## DECLARATORY JUDGMENT

17. The Nation hereby incorporates each of the preceding facts and allegations set forth above, as is set forth fully herein.

18. The Occidental and General Star policies provide liability coverage and a defense to the Nation for any third party claims asserted against the Nation.

19. Pursuant to 12 O.S. § 1651, this court may determine rights, status and other legal relations of the parties seeking such a declaration.

20. There exists an actual controversy between the parties concerning whether Occidental or General Star may, without the Nation's express consent, assert sovereign immunity as a defense in any action filed, and/or otherwise prevent the Nation from giving a limited waiver of its sovereign immunity up to the amount of available insurance coverage.

21. Accordingly, the Nation seeks a declaratory judgment as follows:

    A. A declaration from this Court that neither Occidental nor General Star may assert the Nation's sovereign immunity without the Nation's express consent, in order to avoid the application of the insurance coverage as it relates to the Accident that occurred on April 11, 2013;

    B. A declaration from this Court that under each of the policies, only the Nation has the right to assert the defense of sovereign immunity and/or otherwise give a limited waiver of its sovereign immunity up the amounts of available insurance coverage; and

  C. A declaration from this Court that the Nation has the right to give a limited waiver of sovereign immunity up to the amounts of available insurance coverage and the giving of this limited waiver by the Nation does not breach any of the policy provision or constitute a failure to cooperate under any policy.

The Nation has no adequate remedy by which this controversy may be resolved other than by this request for Declaratory Judgment.

**WHEREFORE,** the Nation seeks declaratory judgment as set forth herein, and that it be awarded such other relief this Court deems just and proper.

## COUNT TWO

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

22. The Nation hereby incorporates each of the preceding facts and allegation set forth above, as if fully set forth herein.

23. The Occidental and General Star policies provide liability coverage and a defense to the Nation for any third party claims asserted against the Nation.

24. Both Occidental and General Star owe the Nation, their insured, a duty to deal fairly and in good faith. Both Occidental and General Star have breached their duties as set forth below:

  A. Denying applicable policy benefits to the Nation;

  B. Failure to conduct a prompt and proper investigation of the claim;

  C. Placing their own financial interest above that of the Nation by not making insurance policy proceeds available;

D. Refusing the Nation the right to give a limited waiver of its sovereign immunity up to its policy limits, so the Nation could avoid exposure above the policy limits;

E. Failure to provide the Nation with requested information regarding the claim handling process;

F. Causing the Nation to incur attorney fees and file litigation in order to obtain the policy benefits to which it is entitled to under the policies;

G. Contending they may use the Nation's defense of sovereign immunity without its express consent thereby making the Nation's policies illusory;

H. Depriving the Nation of the very protection it sought when it purchased and paid substantial premiums. Their conduct to date reflects they are willing to accept the Nation's insurance premiums, but provide no coverage for potential claims;

I. Engaging in improper claim practices knowing that the Nation would suffer financial harm;

25. As a consequence of Occidental and General Star's independent breaches of the duty of good faith and fair dealing owed the Nation, Plaintiff Nation has sustained damages, including, but not limited to, deprivation of benefits owed under the policies, and attorneys' fees in excess of seventy-five thousand dollars ($75,000).

26. The conduct of Occidental and General Star was intentional, willful, malicious, and/or in reckless disregard of the rights of others. Plaintiff therefore seeks punitive damages in an amount sufficient enough to deter such conduct and serve as an incentive to Defendants, and

Defendants, and other insurance companies, to abide by their obligations to deal fairly and in good faith with their insured.

**WHEREFORE,** the Nation requests judgment and damages against Occidental and General Star as follows:

1. Compensatory Damages, including but not limited to, damages for attorney fees and cost it has incurred in attempting to obtain policy benefits to which it is entitled;

2. Any and all damages the Nation is required to pay as a result of the Accident, such damages being policy limits and any sums above policy limits for all sums that could have been settled within policy limits;

3. Punitive damages;

4. Attorney fees and costs; and

5. Such other relief that Nation may be entitled to.

Respectfully submitted,

*/s/ Michael Burrage*

Michael Burrage, OBA # 1350
Patricia A. Sawyer, OBA # 30712
**WHITTEN BURRAGE**
1215 Classen Drive
Oklahoma City, OK 73103
405-516-7800
Fax: 405-516-7859
mburrage@whittenburragelaw.com
psawyer@whittenburragelaw.com

And

Bob Rabon, OBA# 7373
**Rabon, Wolf & Rabon**
402 East Jackson Street
Hugo, Oklahoma 74743
580-326-6427
Fax: 580-326-6032
bob.rabon@sbcglobal.net

And

David Burrage, OBA #19422
**BURRAGE LAW FIRM**
Westside Drive
P.O. Box 1727
Durant, OK 74702-1727
Telephone: 580-920-0700
Facsimile: 580-920-0702
davidburrage@burragelaw.com